UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE AUTO INSURANCE COMPANIES,

       Plaintiff,

v.

SIEMENS BUILDING TECHNOLOGIES, INC.,

       Defendant.

Case No. 10-10896

Hon. Victoria A. Roberts

_____/

## ORDER DENYING MOTION TO DISMISS

### I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss.  For the reasons stated, the Court **DENIES** the Motion.

### II.    BACKGROUND

Plaintiff State Auto Insurance Companies filed this subrogation action against Defendant Siemens Building Technologies, Inc.   On February 19, 2007, Plaintiff's subrogor, J & J Electric Service, Inc., was contracted to install a new fire-detection system manufactured and designed by Defendant, at a commercial property located in Bloomfield Hills, Michigan.  On the same date, a fire-suppression system  manufactured and designed by Defendant was installed at the same location by a fire equipment company; the fire-suppression system uses FM-200 gas to extinguish fire.

Apparently, the fire-detection and fire-suppression systems are supposed to work in tandem.  Plaintiff, however, alleges the systems malfunctioned upon inspection,

causing the release and complete emptying of the FM-200 gas tanks. Plaintiff paid $75,488.06 to refill the tanks, then brought this action to recover.

The Complaint alleges: Count I - Products Liability, Count II - Negligent Design and/or Maintenance, Count III - Breach of Implied Warranty of Merchantability, and Count VI (sic) - Subrogation Rights. Defendant filed this Motion to Dismiss as its first responsive pleading.

## III. STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6), where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff's allegations plausibly establish a case which would entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1968-70 (2007).

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any attached exhibits, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. See *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). "[T]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

## IV. CASE LAW AND ANALYSIS

Defendant cites *Neibarger v. Univ. Coop. Inc.*, 439 Mich 512 (1992) in support of

its Motion to Dismiss.  Defendant says the economic loss doctrine bars Plaintiff's tort claims as a matter of law.  In *Neibarger*, the Michigan Supreme Court adopted and stated the general rule that where claims arise from a commercial transaction in goods and the plaintiff suffers only economic loss, tort claims are barred by the economic loss doctrine; in such cases, the Uniform Commercial Code ("UCC") is the exclusive remedy. *Id.* at 520.  The court noted there was support for the view that the UCC did not bar a tort claim where the plaintiffs sought to recover for property other than the product itself, but ruled that where the damage to other property was caused by the failure of a product to perform as expected, and that damage was in the contemplation of the parties, the occurrence of such damage could have been negotiated by the parties. *Id.* at 532.

In response, Plaintiff argues that Defendant misapprehends the scope and coverage of the economic loss doctrine.  Plaintiff cites *Quest Diagnostics v. MCI Worldcom*, 254 Mich App 372 (2002) in support of its position that the economic loss doctrine does not apply when a plaintiff could not have anticipated a safety hazard involved in a product through bargaining or negotiation at the time of the transaction or purchase.  Notably, in *Quest,* the doctrine did not apply because it involved only negligence claims and there was no underlying sale of goods, transaction, or contract between the parties. *Id.* at 381.  Here, by contrast, there is an underlying sale, so *Quest* is not directly on point.

In this case, the alleged damage seems to be to "other property," *i.e.*, gas, rather than the contracted-for product, the fire-detection system.  However, that is unclear at this juncture because it is unknown what the parties specifically contracted for or what

3

specification information was given to Plaintiff's subrogor; the parties have not provided

information whether the gas was included with the system or if it was separately

purchased by Plaintiff's subrogor.  If the gas was separately purchased, whether or not

the economic loss doctrine applies hinges on whether the parties could have

contemplated that a defect in the fire-detection system would result in the release of gas

from the system's FM-200 tanks.   At this time, the Court does not have enough

information about the underlying contract and the system to make a determination that

the economic loss doctrine applies.

In any event, Count III, which sounds as a claim for breach of implied warranty of

merchantability under the  UCC, would proceed even if the economic loss doctrine

applied to bar Counts I and II.

## V.	CONCLUSION

Defendant's Motion to Dismiss is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 4, 2010

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
May 4, 2010.

s/Linda Vertriest
Deputy Clerk